THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:13-cr-00043-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| (1) MATT DAVIS; | ) | |
| (2) KELLY HIGGINS; | ) | |
| (3) JOHN NEWBERRY; | ) | |
| (4) ALBERT TOMES; | ) | |
| (5) TINA TOMES; | ) | |
| (6) KEVIN VICKERS; and | ) | |
| (7) LORI WATTS. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant Kevin Vickers' Motion for Continuance of Docket Call [Doc. 91]. Defendant Matthew Davis joins in Defendant Vickers' motion [Doc. 92].

On June 19, 2013, the above-referenced Defendants were charged in a 12-count Bill of Indictment with, *inter alia*, conspiracy to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of "synthetic cathinones" or Alpha-PVP, a Schedule I controlled substance analogue, knowing that the substance was intended for human consumption, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Doc. 3]. The Defendants are currently scheduled for trial during the November 4, 2013 trial term.

Defendant Vickers now moves for another continuance of the trial date. [Doc. 91]. For grounds, the Defendant cites the fact that there are pretrial motions pending which could be dispositive of the case. The Defendant further notes that the Government does not oppose the Defendant's request. [Id.].

The Court finds that this case should be continued. The Speedy Trial Act excludes from the time within which a defendant must be brought to trial "[a]ny period of delay . . . resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). The Speedy Trial Act further excludes any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). As noted by Defendant Vickers, there is currently pending a suppression motion which has yet to be set for hearing before the Magistrate Judge. [See Doc. 59]. Additionally, another of Vickers' co-defendants has filed a motion seeking dismissal of the Indictment. [See Doc. 93]. Unless the continuance is granted, the parties would not have an opportunity to fully brief these motions and have the Magistrate Judge issue a recommendation regarding their disposition prior to the

commencement of trial. Thus, if the requested continuance were not granted, counsel would not have an adequate opportunity to prepare for trial taking into the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). Further, the Court finds under the circumstances that a failure to continue the case would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i).

Because no motion for severance has been granted, the continuance of Defendant Vickers' case justifies the continuance of his co-defendants as well. See 18 U.S.C. § 3161(h)(6) (allowing for exclusion of "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendants in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendants' motions to continue [Docs. 91, 92] are **GRANTED**, and all of the above-referenced Defendants are hereby **CONTINUED** from the November 4, 2013 term in the Asheville Division.

**IT IS SO ORDERED.**  Signed: October 14, 2013

Martin Reidinger
United States District Judge