# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-00043-MR-DLH-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>MATT DAVIS, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss Indictment [Doc. 93].

## I. PROCEDURAL BACKGROUND

On June 19, 2013, the Defendant, along with six co-defendants, was charged in a Bill of Indictment with various violations of the Controlled Substances Analogue Act of 1986, 21 U.S.C. §§ 802(32) and 813 ("Analogue Act"). [Doc. 3]. Specifically, Count One of the Indictment charges that the Defendant and others violated 21 U.S.C. §§ 846 and 841(a)(1) by:

> knowingly and intentionally combin[ing], conspir[ing], confederate[ing] and agree[ing] with each other and others, both known and unknown to the Grand Jury, to distribute and possess with intent

> to distribute a quantity of a mixture and substance containing a detectable amount of "synthetic cathinones" or Alpha-PVP, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813.

[Id. at 1]. Counts Seven, Nine, and Eleven of the Indictment each charge that, at various times during the course of this conspiracy, the Defendant and/or his co-defendants violated 21 U.S.C. § 841(a)(1) by:

> knowingly and intentionally possess[ing] with intent to distribute a quantity of a mixture and substance containing a detectable amount of "synthetic cathinones" or Alpha-PVP, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813.

[Id. at 4-6].[1]

On October 10, 2013, the Defendant filed the present Motion to Dismiss Indictment, arguing that the Indictment fails to identify the Schedule I controlled substance of which "Alpha-PVP" or "a-PVP" is an analogue and therefore fails to provide the Defendant with sufficient notice of the crimes he is accused of committing. [Doc. 93]. After receiving an

---

[1] The Defendant is also charged in Count Twelve of the Indictment with engaging in a money laundering conspiracy, in violation of 18 U.S.C. §§ 1956 and 1957. [Doc. 3 at 6-7]. The Defendant does not, however, seek dismissal of this Count.

2

extension of time to do so [Doc. 96], the Government filed a Response to the Defendant's Motion, arguing that the challenged counts are statutorily sufficient [Doc. 97].

## II. ANALYSIS

Rule 7 of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). The Fourth Circuit has stated that "[i]n order to be legally sufficient, an indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." United States v. Loayza, 107 F.3d 257, 260 (4th Cir. 1997) (citation and internal quotation marks omitted). "As a general proposition, an indictment is sufficient if it alleges an offense in the words of the statute, as long as the words used in the indictment fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense." United States v. Rendelman, 641 F.3d 36, 43-44 (4th Cir. 2011) (citation and internal quotation marks omitted), , cert. denied, 132 S.Ct. 1712 (2012). If the indictment does not contain each essential

element of the charged offense, it must be dismissed; "a bill of particulars cannot cure the defect." Loayza, 107 F.3d at 260.

The Analogue Act defines a "controlled substance analogue" as a substance:

> (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in Schedule I or II; [and]
>
> (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant or hallucinogenic effect on the central nervous system of a controlled substance in Schedule I or II; or
>
> (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in Schedule I or II.

21 U.S.C. § 802(32)(A). A controlled substance analogue, to the extent that it is "intended for human consumption," is treated as a Schedule I controlled substance. 21 U.S.C. § 813. Thus, in order to establish a violation of the Analogue Act, the Government must prove the following essential elements:

> (1) substantial chemical similarity between the alleged analogue and a controlled substance; (2)

> actual, intended, or claimed physiological similarity (in other words, that the alleged analogue has effects similar to those of a controlled substance or that the defendant intended or represented that the substance would have such effects); and (3) intent that the substance be consumed by humans.

United States v. Klecker, 348 F.3d 69, 71 (4th Cir. 2003) (internal citations and emphasis omitted).

The Defendant argues that the Counts One, Seven, Nine, and Eleven of the Indictment should be dismissed because they fail to allege the specific Schedule I controlled substance of which Alpha-PVP is an analogue.  A review of the charging language, however, reveals that dismissal is not warranted in this instance.  Count One tracks the statutory language of 21 U.S.C. §§ 841(a), 846, 813, and 802(32) by charging that the Defendant "conspire[d] . . . to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of 'synthetic cathinones' or Alpha-PVP, a Schedule I controlled substance analogue . . . knowing that the substance was intended for human consumption . . . ." [Doc. 3 at 1].  Similarly, Counts Seven, Nine, and Eleven charge that the Defendant "possess[ed] with intent to distribute a quantity of a mixture and substance containing a detectable amount of 'synthetic cathinones' or Alpha-PVP, a Schedule I controlled substance

5

analogue . . . knowing that the substance was intended for human consumption . . . ." [Id. at 4-6].  An indictment that tracks the statutory language is ordinarily sufficient to allege an offense.  See United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999).

Further, the failure to allege the specific Schedule I controlled substance to which Alpha-PVP is an analogue is not fatal to the Indictment. "The type of drug charged in a § 841 crime is immaterial, rather, the critical fact is that the substance is controlled, not that it is one variety or another." United States v. Leonard, 777 F.Supp.2d 1025, 1030 (W.D. Va. 2011) (quoting United States v. Townsend, 924 F.2d 1385, 1402 (7th Cir. 1991)); see also Newbold v. United States, No. 1:08CV698, 2009 WL 2243642, at *11 (M.D.N.C. July 27, 2009), aff'd, 490 F. App'x 614 (4th Cir. 2012) (finding that indictment was not defective when it failed to allege the Schedule I controlled substance to which the substance at issue was an analogue). The Defendant's motion to dismiss the indictment, therefore, is denied.

The Defendant argues that without knowing the controlled substance which forms the basis for the analogue offense, he cannot adequately prepare a defense to these charges.  Where an indictment fails to provide a defendant with sufficient information to prepare a defense, such deficiency may be remedied through discovery or by requiring the Government to file

a bill of particulars. See United States v. Cuong Gia Le, 310 F.Supp.2d 763, 772-73 (E.D. Va. 2004). Here, however, the bill of particulars is unnecessary as the Government has identified, both in discovery and in response to the Defendant's motion, the specific Schedule I controlled substance to which the substance in question is allegedly an analogue. [See Doc. 97 at 7-8]. As such, the Defendant's argument that he is unable to mount a defense to the charges as laid has been rendered moot.

For the foregoing reasons, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss Indictment [Doc. 93] is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 10, 2013

Martin Reidinger
United States District Judge