IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 cr 43-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | |
| | ) | ORDER |
| | ) | |
| MATTHEW DAVIS. | ) | |
| _____ | ) | |

**THIS MATTER** came before the undersigned pursuant to a Motion to Withdraw as Counsel of Record (#115) filed by Defendant's appointed counsel, Rich Cassady. In the motion, Mr. Cassady states "Defendant wishes for the undersigned to cease his representation of him and for the appointment of alternate counsel." At the call of this matter on for hearing it appeared Defendant was present with Mr. Cassady and the Government was present and represented through Assistant United States Attorney, Richard Edwards. From the statements of Mr. Cassady, the Defendant, and the arguments of Mr. Edwards, the Court makes the following findings.

**Findings.** After calling this matter on for hearing, the undersigned presented the issue of whether or not the hearing of the motion to withdraw would require there be presented to the undersigned confidential communications between Defendant and Mr. Cassady. Upon finding that such could be the case,

the undersigned conducted a sealed proceeding in which Mr. Edwards was excluded.

During the sealed proceeding, the undersigned conducted an inquiry with Defendant and Mr. Cassady about why Defendant does not wish for Mr. Cassady to represent him further. Those proceedings shall appear on the sealed record. Without revealing any confidential communications, it appeared there was a concern on the part of the Defendant that Mr. Cassady's case load would prevent Mr. Cassady from devoting sufficient time to Defendant's case to provide an adequate defense. Mr. Cassady candidly stated that such could well be the case.

Upon inquiry, the Court found that this matter was set for trial for the March 3, 2014 term of the District Court.

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not a motion to withdraw should be granted is within the discretion of the trial court and the Court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). In considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) made an inquiry as to the reasons why

2

Defendant does not wish for Mr. Cassady to represent him further; and (3) whether or not there is such a conflict between the Defendant and Mr. Cassady that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

In regard to the issue of the timeliness of the motion, it appears there is now a period of two months between the hearing of the motion and the scheduling of the charges against Defendant for trial. It would thus appear that the motion is timely. This factor must be weighed in favor of granting the motion.

The undersigned conducted an inquiry as to the reasons why Defendant does not wish for Mr. Cassady to represent him further. The inquiry shall appear in the records of the sealed proceeding. Without disclosing confidential communications, it appears Defendant has a fear that the caseload of Mr. Cassady is prevented Mr. Cassady from devoting sufficient time to the Defendant's case. Mr. Cassady candidly advised the Court that may be true. The undersigned cautioned Defendant that if the motion was granted, there could be appointed to represent the Defendant an attorney who does not have the degree of skill and expertise as Mr. Cassady and gave Mr. Cassady and the Defendant an opportunity to have further discussions in private regarding the motion to withdraw. After those discussions, both the Defendant and Mr. Cassady advised that the Defendant still wished to

have another attorney appointed to represent Defendant. The undersigned will weigh this factor in favor of granting Defendant's motion.

The undersigned made a further attempt to determine whether or not there is a conflict between Defendant and Mr. Cassady. There is no personal conflict between Defendant and Mr. Cassady and their relationship is of a cordial and professional nature. However, Defendant has definite concerns that Mr. Cassady may not have sufficient time, considering his load of trial cases, to represent Defendant and Mr. Cassady agrees that such may be the case considering what they each represented was the complicated nature of the discovery in this matter. The undersigned will weigh this factor in favor of granting the motion.

After considering all of the above factors, it appears there is sufficient time before trial in which to appoint other counsel who can be prepared for the trial of this matter, and as a result of the inquiry made by the undersigned, the undersigned finds good reason for the appointment of another attorney and the motion will be granted.

Based upon the foregoing, the undersigned has determined to enter an order allowing the motion to withdraw.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Motion to Withdraw as Counsel

of Record (#115) is hereby **ALLOWED.** It is also **ORDERED** that a copy of this Order shall be presented to the Federal Defender's Office and new counsel be appointed to represent the Defendant. It is further **ORDERED** that Mr. Cassady provide the newly appointed attorney of Defendant a copy of Mr. Cassady's file and any other documents that he has in his possession which would benefit the defense of Defendant, excluding those that Mr. Cassady is required to keep confidential.

Signed: January 13, 2014

Dennis L. Howell
United States Magistrate Judge